Estate of J. Jerome Hahn, Industrial Trust Company, Milton Sulzberger and Katherine M. Hahn, Executors v. Commissioner.
Estate of Hahn v. Commissioner
Docket No. 337.
United States Tax Court
1943 Tax Ct. Memo LEXIS 14; 2 T.C.M. (CCH) 1176; T.C.M. (RIA) 43533; December 28, 1943
*14 Stuart H. Tucker, Esq., for the petitioner. J. R. Haslam, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: A deficiency has been determined in estate taxes in the sum of $382,188.88. The parties have agreed upon the facts and we are left only to determine a single question of law. The precise question arises by reason of the respondent's denial to petitioner of the right to deduct certain charitable gifts made by the decedent in his will on the ground that the value of the gifts can not be determined because of a provision in the will permitting the invasion of the corpus of a trust for the benefit of decedent's wife and others. The particular provision of the will which gives rise to the uncertainty reads as follows: I authorize and direct my Trustees, if at any time, during the lifetime of my wife, in their sole and uncontrolled opinion and discretion, to be exercised by the Trustees other than my wife, the fixed income payable to my wife under this will, shall be insufficient to provide for her comfortable maintenance and support, or to meet the expense of any sickness, emergency or misfortune, or any other expense whether of a like or different kind, deemed *15 by said Trustees to be proper for her comfort or pleasure, to pay over to her, in addition to said fixed income for her personal use and benefit such and so much, from time to time, of the net income of my trust estate, or if that should be insufficient then such and so much of the principal of my trust estate, as said Trustees may deem to be required for any purpose approved by them, and all such income or principal paid over to my wife under the powers of this paragraph shall be freed and discharged of all trusts. I direct that said powers and discretions shall be liberally construed for the personal benefit of my wife for the assurance of her comfortable maintenance and support. I also give a like power and discretion to my Trustees to make additional payments out of income or principal, or both, to my mother and sister, and for like purposes, and with like effect. The gifts in dispute are made payable after the death of decedent's wife to certain named charitable institutions with the largest benefaction payable to the Rhode Island Hospital of Providence, Rhode Island. We think the decision of the Supreme Court of the United States handed down on November 15, 1943, in the case *16 of , disposes of the question presented to us. In that decision the Supreme Court held that the right of the trustees to invade the corpus of a trust to provide for the "comfort, support and maintenance and/or happiness" of Mrs. Field, the wife of the decedent, made so uncertain the sum that eventually might go to charity as to require the denial of any deduction. This conclusion of the Court was reached in spite of the fact that this court as a trier of the facts had thought that the invasion of the corpus for the benefit of the wife was so unlikely that the deduction should be allowed. The right of the trustees in the instant case to invade the corpus of the trust for the benefit of decedent's wife is couched in language that is substantially similar. The decedent provided that the trustees might invade the corpus should the income be insufficient to provide "for her comfortable maintenance and support, or to meet the expense of any sickness, emergency or misfortune, or any other expense whether of a like or different kind, deemed by said Trustees to be proper *17 for her comfort or pleasure * * *." Not only may the corpus be invaded in the instant case for the benefit of decedent's wife, but also for the benefit of his mother and sister. Counsel for the petitioner suggests various grounds which he thinks warrant a different holding than that reached by the Supreme Court in the case of the Field Estate and he carefully reviews many of the authorities on the general question. We think no useful purpose would be served by a review of the cases or by a detailed discussion of the facts as the whole matter has now been resolved by the Supreme Court's latest pronouncement, and as there is no substantial difference in the facts here presented from those passed on in Merchants National Bank of Boston, Executors, v. commissioner of , it follows that judgment must go for the Commissioner. Decision will be entered under Rule 50.